**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BANK OF AMERICA, N.A.,**

       **Plaintiff,**

  vs.                                       **Civil Action 2:11-CV-881**
                                             **Judge Sargus**
                                             **Magistrate Judge King**

**SARAH L. ALLEY,** *et al.***,**

       **Defendants.**

## OPINION AND ORDER

This is a foreclosure action removed to this Court by defendant Sarah L. Alley ["defendant"], who asserted counterclaims alleging that plaintiff is not the holder of the note and mortgage upon which plaintiff is proceeding.  This matter is now before the Court on defendant's *Motion to Strike Plaintiff's Notice of Substitution of Exhibit "A" to the Complaint*, Doc. No. 19, ["*Motion to Strike*"], and on *Plaintiff Bank of America N.A.'s (1)Opposition to Motion to Strike (Doc. 19) or, in the Alternative, (2) Motion for Leave to Amend Complaint*, Doc. No. 21 ["*Motion to Amend*"].

### Background

Plaintiff alleges in the *Complaint* that it "is the holder of a note, a copy of which is attached hereto as Exhibit 'A'." *Complaint*, Doc. No. 3, ¶ 1.  Exhibit A appears to be a photocopy of a promissory note ["Note"] signed by defendant and which identifies the lender as "America's Wholesale Lender."  In her *Answer*, Doc. No. 5, defendant denied the allegation that "Plaintiff Bank of America is the holder of the Promissory Note and Mortgage and further denies that

Defendant Alley owes any money to the Plaintiff." *Id*. at ¶ 1. In her counterclaims, defendant also specifically denied that the Note was "ever indorsed over to, and/or physically delivered" to an assignee by America's Wholesale Lender. *Id.*, *Counterclaim*, ¶ 15. Defendant asserted counterclaims of abuse of process, unjust enrichment, fraud and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *Id.*

Plaintiff filed a motion to dismiss the counterclaims, *Plaintiff's Motion to Dismiss,* Doc. No. 10.  Although plaintiff asserted in that motion that "[t]he Note and Mortgage were subsequently transferred to Bank of America Home Loans Servicing, LP . . . [and that] Bank of America Home Loans Servicing LP merged into Bank of America N.A. (the plaintiff in this case) . . . ." *Plaintiff's Memorandum in Support of Motion to Dismiss*, Doc. No. 11, pp. 1-2, plaintiff did not provide any evidence that the Note was ever transferred or assigned by America's Wholesale Lender, the original creditor.  Defendant filed a 10 page memorandum in opposition to the motion to dismiss the counterclaims and attached a number of exhibits thereto. *Defendant Sarah Alley's Memo contra to Plaintiff's Motion to Dismiss*, Doc. No. 13.

### *Motion to Strike; Motion to Amend*

Two weeks after plaintiff filed its reply in support of the motion to dismiss the counterclaims, plaintiff filed its *Notice of Substitution of Exhibit "A" to the Complaint*, Doc. No. 18 ["*Notice*"], attached to which is a photocopy of the Note with an endorsement in blank signed by a representative of America's Wholesale Lender.

Plaintiff filed the *Motion to Strike*, arguing that the *Notice* is, in reality, an improper attempt to amend the *Complaint* and that to

2

permit plaintiff to effect such an amendment would prejudice defendant, whose answer and counterclaims were based "solely on the statements and Exhibits contained within the Complaint, including the unendorsed Promissory Note." *Id*. at 2 (emphasis in original). Defendant asks that the *Notice* and substituted Exhibit A be stricken and that she be awarded "reasonable attorney fees for all work done thus far on the case, on reliance upon the invalid filings of the Plaintiff, and an award or attorneys fees to rewrite all of the Defendant's pleadings." *Id*. at 3. In response, plaintiff filed a memorandum in opposition to the *Motion to Strike*; in the alternative, plaintiff asked for leave to amend the *Complaint*. *Motion to Amend.* Plaintiff represents that its current counsel (who did not file the *Complaint*), had only recently come into possession of the original Note, which reflected the endorsement. Arguing that a foreclosing plaintiff need not establish evidence of assignment of a note at the outset of a foreclosure action, plaintiff characterizes defendant's demand for attorneys fees as "absurd." *Motion to Amend*, at 2.

**Discussion**

Defendant contends, plaintiff apparently concedes and this Court agrees that plaintiff's *Notice* – by which plaintiff substituted a critical exhibit attached to the *Complaint* – is, in effect, an amendment of the *Complaint*. The Court will therefore consider plaintiff's belated request for leave to amend by reference to the standards of Rule 15 of the Federal Rules of Civil Procedure, which governs amendments to the pleadings.[1]

Rule 15(a) specifies that leave to amend a pleading "shall be

---

[1] Plaintiff's *Notice* and *Motion to Amend* were not untimely. *See Preliminary Pretrial Order*, Doc. No. 16.

freely given when justice so requires." Whether to grant or deny a plaintiff leave to amend a complaint "is committed to the district court's sound discretion." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986). Among the reasons justifying denial of leave to amend are bad faith, dilatory motive or undue prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1129 (6th Cir.1990).

In exercising its discretion, a district court may address the issue of prejudice to the party opposing leave to amend by imposing conditions on the grant of leave to amend. *See Local 783 Allied Indus. Workers of Am. v. Gen. Elec. Co.,* 471 F.2d 751, 756 (6th Cir. 1973). "Requiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings rendered moot by the amendment are conditions district courts may impose to mitigate the prejudice caused to the opposing party by the amendment." *Ruschel v. Nestle Holding, Inc.,* 89 Fed. Appx. 518, 2004 WL 346034, **3 (6th Cir. February 23, 2004).

This Court is persuaded by defendant's protestation of prejudice: she clearly based her defense to the litigation and her counterclaims on her understanding that plaintiff was not the holder of the Note. This understanding was well-grounded in light of the fact that the *Complaint* was supported by an exhibit that affirmatively called into question plaintiff's status as a holder of the Note. By contrast, the Court is not persuaded by plaintiff's dismissive rejection of defendant's claim of prejudice: the authority upon which plaintiff relies in discounting defendant's request for attorneys fees, *Deutsche Bank Natl. Trust Co. V. Traxler*, 2010 WL 3294292 (Ohio App. 9 Dist.,

August 23, 2010), did not, apparently, involve a complaint supported by an erroneous and misleading exhibit.

Under the circumstances presented in this case, the Court concludes that the grant of plaintiff's *Motion to Amend* would result in serious prejudice to defendant. The Court will therefore condition the grant of plaintiff's *Motion to Amend* on its payment to defendant of the latter's attorneys fees unnecessarily incurred by reason of plaintiff's use of the misleading exhibit in support of the *Complaint*. *See Ruschel,* 2004 WL 346034, **3.

Defendant asks that she be reimbursed for not only the fees associated with her filings based on plaintiff's use of the original exhibit, but also for the fees associated with future filings based on the substituted exhibit. The Court rejects that request. Defendant can reasonably be expected to incur attorneys fees in connection with her defense of the action; it is only the fees incurred in connection with her response to plaintiff's original, and misleading, exhibit that should rightfully be borne by plaintiff. Defendant will therefore be awarded her attorneys fees associated with the *Answer and Counterclaims*, her response to the *Motion to Dismiss* and her *Motion to Strike*. Defendant's counsel shall promptly provide to plaintiff an itemization of attorneys fees associated with those filings.

**WHEREUPON** defendant Sarah L. Alley's *Motion to Strike, Doc.* No. 19, is **DENIED** and plaintiff's alternative *Motion to Amend*, Doc. No. 21, is **GRANTED**, conditional on plaintiff's payment to defendant Sarah L. Alley her attorneys fees associated with the *Answer and*

*Counterclaims*, Doc. No. 5, her response to the *Motion to Dismiss*, Doc. No. 13, and her *Motion to Strike*, Doc. No. 19.  Moreover, defendant Sarah L. Alley is **GRANTED** fourteen (14) days in which to amend, if she chooses to do so, her answer and counterclaims.


                                          *s/Norah McCann King*
                                        Norah M$^c$Cann King
                                  United States Magistrate Judge

July 23, 2012
Date